## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:26-MJ-02761-Lett

UNITED STATES OF AMERICA

v.

GUILLAUME SEBASTIEN ROGER MATTLER,

_____/

### CRIMINAL COVER SHEET

1.  Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)?

2.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?

3.  Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?

4.  Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:    s/Brianna Coakley
       Brianna Coakley
       Assistant United States Attorney
       Court ID No. A5503184
       United States Attorney's Office
       99 NE 4th Street, 6th Floor
       Miami, Florida 33132
       (305) 961-9127
       Brianna.Coakley@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 1:26-MJ-02761-Lett |
| Guillaume Sebastien Roger Mattler, | ) | |
| | ) | |
| | ) | |
| _____ | | |
| *Defendant.* | | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 28, 2026 _____ in the county of _____ Miami-Dade _____ in the _____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18, United States Code, Section 2244 | Abusive Sexual Contact |

This criminal complaint is based on these facts:

See attached Affiavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Credential #101048
Peter Ganzert, Special Agent FBI
_____
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Telephone__

Date: April 29, 2026

_____
*Judge's signature*

City and state: _____ Miami, Florida _____

Honorable Enjoliqué A. Lett, United States Magistrate Judge
*Printed name and title*

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

Your Affiant, Peter Ganzert, being duly sworn, deposes and states as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered to conduct investigations of or to make arrests for offenses enumerated in Title 18, United Stated Code, Section 2516.

I am a Special Agent of the Federal Bureau of Investigation (FBI), and I am the case agent for this investigation. I have been a Special Agent (SA) of the FBI since February 2022. My training consisted of an 18-week FBI new agents' class during which I received instruction on various aspects of federal investigations. I am currently assigned to the Miami Field Office, South Florida Violent Crimes Task Force, which targets individuals involved in violent crime. Prior to FBI Miami, I was assigned to FBI's Charlotte Division in the Greenville Resident Agency and have been in law enforcement and security for over eighteen years, serving as a police officer, sheriff's investigator, Diplomatic Security Contractor, and Special Deputy U.S. Marshal.

I was employed with the Pitt County Sheriff's Office, the Ayden Police Department, and the Chowan County Sheriff's Office in North Carolina from 2006 through 2014. I have been the case agent or participated in numerous investigations including but not limited to drug investigations, firearms investigations, murder for hire, robberies, counterterrorism, counterintelligence and crimes against children.

2.     The statements contained in this Affidavit are based on my personal knowledge, as well as information relayed to me by other law enforcement officials in this investigation and witness interviews. I have not included in this Affidavit each and every fact known to me. Rather, I have included only the facts that I believe are necessary to establish probable cause

that **Guillaume Sebastien Roger Mattler** (Mattler) committed sexual assault, in violation of Title 18, United States Code, Section 2244.

3. On or about April 28, 2026, Mattler was a passenger on SWISS AIR LX64 from Zurich to Miami. Mattler and the Victim (a 29-year-old female passenger), who did not know each other, were seated next to each other in the first-class cabin.

4. Witness 1 who was sitting across the aisle in the first-class cabin observed Mattler and the Victim. Witness 1 noticed Mattler and Victim exchange pleasantries but noticed they did not have much more interaction before the Victim turned her back, curled up in the seat and went to sleep.

5. Approximately halfway through the flight, Witness 1 observed Mattler touch the Victim on the lower back. Mattler attempted to make it look like his hand slipped from the arm-rest and touched the Victim's back. When the Victim did not wake, Mattler did it again and kept his hand there for longer. Witness 1 alerted his friend (Witness 2) and took several videos on his cell phone. At this point Witness 1 became very concerned and went to find a flight attendant.

6. Witness 2 observed Mattler moving his hand in a "submarine" motion, as if trying to get his hand under the Victim's clothing and/or between her legs.

7. Witness 3, the flight attendant, was alerted by Witness 1 of what he was observed across the aisle. Witness 3 looked up the passengers by their seat numbers and came to the conclusion that they probably did not know each other do to the tickets being purchased at different times and with different connecting flights. Witness 3 approached the seat where the Victim was sleeping and observed Mattler with his hand on the Victim's crotch, over her jeans, making a scooping or rubbing motion on her vagina.

8.      Witness 3 questioned Mattler to see if he knew the Victim, her name, or any information to prove they knew each other. When Mattler could not provide any of this, she and other flight crew moved Mattler to economy class to separate him from the Victim. Mattler did not object to this and went with the flight crew.

9.      Witness 3 woke up the Victim and notified her what happened. The Victim confirmed she did not know Mattler and was shocked. The Victim began shaking and crying. Mattler was later brought back to his original seat with flight crew to grab items from his seat. At that time, he attempted to give the Victim a note that read "you look beautiful when you are sleeping."

10.     Mattler was interviewed by Special Agent Peter Ganzert and Task Force Officer Kennith Jaramillo after being processed through immigration.  The interview was audio recorded. Mattler stated he could read, write and speak English and did not need a translator. Mattler was provided a copy of the FBI advice of rights form. He also followed along as SA Ganzert read the form out loud.  Mattler stated he understood his rights. He waived his Miranda rights and agreed to answer questions. He was also advised of his right to request notification of the French Consular, which he refused.

11.     Mattler stated that he did not touch the person sitting next to him and that nothing happened on the flight. SA Ganzert informed Mattler that witnesses had come forward and there was video of the incident. Mattler admitted that he touched the woman sitting next to him and that he did not think it was such a big deal. He described touching her lower back and upper buttocks, touching above the pockets on his blue jeans. Mattler then stated he touched an area near the bottom of her buttocks, near the upper thigh. Mattler demonstrated by touching an area below the

3

pockets of his blue jeans. SA Ganzert advised Mattler that witnesses saw him touch her vaginal area. Mattler stated he touched whatever he could reach from across the arm-rest.

12.     Mattler advised his initial intention was to get the woman's phone number and give her his. He then provided the note from his pocket that was written in his business card that read "you look cute when you sleep," along with the flight information and his seat number.

13.     Post interview after the recording concluded and agents were awaiting transport for Mattler; He advised that he had taken photographs with his phone but had deleted them before law enforcement could look at them.

**FURTHER AFFIANT SAYETH NAUGHT.**

PETER GANZERT
SPECIAL AGENT   Credential #101048
FEDERAL BUREAU OF INVESTIGATION

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1
By Telephone this 29th day of April 2026.

HONORABLE ENJOLIQUÉ A. LETT
UNITED STATES MAGISTRATE JUDGE

4